IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HARJIT BHAMBRA,

    Plaintiff,

v.

JOHN M. TRUE et al.,

    Defendants.

No. C 09-4685 CRB

**ORDER DISMISSING**

Pro se Plaintiff Harjit Bhambra commenced this action seeking relief against a series of defendants, all of whom are related in some way to an unlawful detainer action previously adjudicated in state court. Defendants move to dismiss on a variety of grounds. For the reasons that follow, the motions are GRANTED and the case is dismissed with prejudice.

## BACKGROUND

As this case comes before this Court on a motion to dismiss, Bhambra's allegations in his first amended complaint ("FAC") are presumed to be true.[1] However, portions of the Complaint are simply unintelligible. Therefore, the following factual recitation represents the Court's best effort to fairly construe Bhambra's factual allegations.

On September 15, 2008, Defendant Port of Oakland filed an unlawful detainer action against plaintiff. FAC ¶ 27. According to Plaintiff, the action was predicated on materially

---

[1] Bhambra's motion for leave to file an amended complaint is GRANTED, and the facts discussed below are taken from the FAC. As explained below, however, the FAC fails to cure the flaws pointed out by Defendants in their respective motions. Therefore, the motions are not mooted.

false allegations, and Defendants Port of Oakland and Judson presented falsified evidence to the trial court. Id. The trial was held in front of Defendant Judge Castellanos, whom Bhambra alleges was not properly sworn in at the time of the trial. Id.

On December 28, Bhambra was evicted from his property in Oakland. Id. ¶ 29. On December 30, 2008, Bhambra filed a complaint in state court for wrongful eviction against defendants Port of Oakland, Chris Peterson, Stephen Judson, Robert Cathey, Fiztagerald Abbott & Beardsley LLP, and City of Oakland. Id. ¶ 30. Bhambra alleges that the case was assigned to Judge True at the request of defendants, and that Judge True had a preexisting relationship with defendants. Id. ¶¶ 31-32. On April 7, 2009, Bhambra dismissed the case without prejudice "in fear of the relationship between Defendants FAB, LOH, WHITE, JUDSON and TRUE." Id. ¶ 33. Two days later, Judge True granted a motion for attorney's fees "without any hearing or any notice to plaintiff." Id. ¶ 34.

On July 29, 2009, Defendant White filed a police report stating that she served Bhambra with an "examination order of the Judgment." Id. ¶ 36. Presumably, the judgment referred to is the order of attorney's fees. Bhambra claims that the police report is necessarily false because he was not in Oakland on July 29, 2009. Id. On August 7, 2009, Defendant Loh informed Bhambra that an examination date had been set for August 17, 2009, in Defendant True's courtroom. Id. ¶ 37. However, on August 14, Bhambra received a copy of a bench warrant issued by Judge True which indicated that Bhambra had failed to appear at a hearing that had been scheduled on August 13, 2009. Id.

On August 20, 2009, Bhambra received another order from Judge True, ordering him to appear in True's courtroom on September 1, 2009. Id. ¶ 38. According to Bhambra, "defendant TRUE treated plaintiff as second-class-citizen, and call specially sheriff to intimated plaintiff and to show that plaintiff was criminal and will make noise in the Courtroom, after the hearing concluded, the sheriff escorted plaintiff from the Courtroom to the elevator." Id. "On September 1, 2009 defendant TRUE state on the transcript that he was just threaten plaintiff of bench warrants, in fact, warrants were never issued this scheme was to intimate plaintiff." Id. ¶ 39.

2

On September 9, 2009, Bhambra "investigated and found no record of oath of office of defendant True or any compliance with Federal and State constitutions." Id. Bhambra similarly alleges that Judges Castellanos and Northridge failed to file the proper documentation. Bhambra further alleges that other defendants, including Sweeten, Vickrey, Superior Court of Alameda, and the Judicial Council of California were aware of, but failed to correct, the Judges' failure to file the required documentation. Id. ¶¶ 66-100. Defendants White, Judson, and Loh, all of whom work for Fitzgeral Abbot & Bearsley LLP, are alleged to have misused their relationships with Judge True and to have ignored Judge True's and Judge Castellanos's lack of "credentials to preside over plaintiff's case." Id. ¶ 102.

Plaintiff brought suit in this court on October 1, 2009, and asserts fourteen causes of action.

Claim 1: Bhambra alleges a violation of 42 U.S.C. § 1983 relating to the Defendant Judges' failure to act within the scope of their authority. He alleges that he was "entitle to due process protection of freedom from arbitrary action which jeopardized plaintiff property interest in his business in that he should not have been subjected arbitrarily to the fear of his arrest due to the arrest warrants in fear from defendant TRUE as a quid pro quo for keeping the business in Oakland." Id. ¶ 125. Bhambra asks this Court to award him damages.

Claim 2: Bhambra seeks declaratory relief. He asks that this Court declare the following: (1) the Port of Oakland had no authority to issue parking tickets, (2) the Defendant Judges acted unconstitutionally by failing to file their oaths of office, (3) the judgments issued by the defendant Judges "were unconstitutional and must be declare null and void." Id. ¶ 135.

Claim 3: Bhambra brings a claim of civil conspiracy against a series of defendants, seeking an award of punitive damages.

Claim 4: Bhambra asserts that Defendants FAB, Judson, White, and Loh are liable for malicious abuse of process. Id. ¶ 144.

Claim 5: Bhambra contends that Defendants FAB, Judson, White, Loh, and Port of Oakland "intentionally and deliberately inflicted emotional distress on Plaintiff by

maliciously attempted to collect judgment issued by non-credentials judicial officer against plaintiff." Id. ¶ 154.

Claim 6: Bhambra alleges that Defendants City of Oakland, Port of Oakland FAB, Judson, and White are liable for defamation. He contends that they "maliciously and willfully, defamed Plaintiff Bhambra ones by making statements which defendants knew to be false." Id. 163.

Claim 7: Bhambra argues that Defendants Superior Court, Northridge, True, and Casellanos breached their fiduciary duties by failing "to act in the best interest of constitution of United states and the constitution of the State of California to comply with mandates before preside over plaintiff's case." Id. ¶ 171.

Claim 8: Bhambra next argues that he is entitled to injunctive relief.

Claim 9: Bhambra also contends that all defendants are liable for fraud.

Claims 10 and 11: Bhambra asserts that all defendants are liable for violations of the Tom Bane Civil Rights Act.

Claim 12: Bhambra alleges that all defendants have violated 5 U.S.C. § 3331 by failing to take the proper oath of office.

Claim 13: Bhambra argues that Defendants Judicial Counsel, Northridge, Castellanos, True, and Superior Court have violated California Constitution Article I, 3. That section provides that "[t]he people have the right of access to information concerning the conduct of the people's business, and therefore, the meetings of public bodies and the writings of public officials and agencies shall be open to public scrutiny." Bhambra asks for damages.

Claim 14: Finally, Bhambra argues that Defendants Judicial Counsel, Vickrey, Superior Court of Alameda, Northridge, and Sweeten a liable for failure to supervise. Bhambra cites to California Government Code sections 3100-3109 and Corporations Code § 25216(c).

Defendants have moved to dismiss.

**DISCUSSION**

Defendants move to dismiss all claims. Jurisdiction is vested in this court by virtue of Plaintiff's federal § 1983 action. This court asserts supplemental jurisdiction over the related state causes of action. Dismissal under Rule 12(b)(6) is appropriate where plaintiff's allegations fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The court assumes the facts alleged in the complaint to be true unless the allegations are controverted by exhibits attached to the complaint, matters subject to judicial notice, or documents necessarily relied upon by the complaint. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). However, a court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). A court should dismiss where the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). For the reasons that follow, the motions are GRANTED.

**Claim 1**

Bhambra alleges that Defendants True, Northridge and Castellanos violated 42 U.S.C. § 1983 by "harassing plaintiff and unlawfully issu[ing] arrest warrants." However, judges enjoy absolute immunity unless very narrow exceptions are met. See Ashelman v. Pop, 793 F.2d 1072, 1075-76 (9th Cir. 1986) (en banc). A judge is protected if: (1) he performed a 'judicial act,' and (2) he did not act in "clear absence of jurisdiction." Stump v. Sparkman, 435 U.S. 349, 356-57, 360 (1978). The acts Bhambra accuses the Defendant Judges of committing all constitute "judicial acts," e.g. the issuance of arrest warrants, and these judges did not act in clear absence of jurisdiction. Even if Bhambra were correct that these Defendants did not properly record their oaths of office, Bhambra points to no authority to suggest that such a procedural error would undermine the jurisdiction of the court or the efficacy of their judgments. More importantly, Bhambra is not correct. As illustrated by

5

exhibits presented by the defendants, all judges have been properly sworn in.[2] Therefore, Bhambra has provided no credible reason to believe these defendants acted without jurisdiction. Therefore, they are immune. As to Bhambra's skeletal allegations with regard to the lawyers involved in his prior state suit, he does no more than allege that these lawyers carried out the judgments of the state judges. In other words, Bhambra has alleged no facts to support liability under 42 U.S.C. § 1983.

**Claim 2**

Bhambra next asks for broad declaratory relief. First, as to his request regarding a declaration that Port of Oakland possessed no legal authority to issue parking tickets, Plaintiff has already lost that battle. See No. CV 08-5326, Dkt. #241. Res judicata bars Plaintiff's attempt to resuscitate these arguments here. Second, as to Bhambra's request for a declaration that the Defendant Judges failed to file their oaths of office, those Judges have submitted judicially noticeable evidence that they have indeed filed their oaths. Third, as to the request for a declaration that the Defendant Judges' actions are null and void, Bhambra has no legal basis to support such a declaration.

**Claim 3**

Bhambra next asserts a claim for civil conspiracy. However, Bhambra does no more than formulaically assert the elements of a conspiracy action. He lists a number of defendants, but does not provide any facts as to the nature of the conspiracy, the goal of the conspiracy, when the conspiracy commenced, or whether the named defendants all agreed to the conspiracy. In the absence of these factual allegations, this claim must be dismissed.

**Claim 4**

Bhambra's claim for malicious abuse of process is similarly rejected. First, as to his claim for damages against the defendant judges, those individuals are immune. Second, as to his claims against the individual lawyers, he fails to allege facts supporting the elements of

---

[2] This exhibit is properly the subject of judicial notice. The oaths were filed in the Office of the Secretary of State of California and are matters of public record. See Lee, 250 at 688-89. Judge True took his oath on October 3, 2003, and took it again upon his election in January of 2007. State Defendants' Reply ex. B. Judge Northridge's most recent oath was taken in December of 2004. Id. ex. C. Judge Castellanos's most recent oath was filed on Jury 31, 1998.

6

an abuse of process action. Such a claim requires that the defendant "(1) contemplated an ulterior motive in using the process; and (2) committed a willful act in the use of the process not proper in the regular conduct of the proceedings." Brown v. Kennard, 94 Cal. App. 4th 40, 44 (2001). While Bhambra alleges that the FAB lawyers knew Judge True, and that they told Bhambra that he was going to lose, none of these allegations rise to the level of malicious abuse of process. Ultimately, Bhambra has not presented a plausible allegation of why or how the defendants would have engaged in such a course of conduct. This conclusion is buttressed by the fact that the suit brought against Bhambra was successful. This court is bound to give full faith and credit to the judgments of the state courts, 28 U.S.C. § 1738, and this further undermines Bhambra's allegations.

**Claim 5**

Bhambra similarly fails to allege facts supporting a cause of action for negligent infliction of emotional distress. Instead, he alleges that he suffered emotional distress as a result of Defendants' legal actions against him without sufficiently alleging that those action were in any way negligent. He asks this Court to second guess the state courts, which concluded that Defendants were entitled to the legal remedies they sought. Such second guessing is improper under 28 U.S.C. § 1738, and therefore a negligent infliction of emotional distress action cannot be maintained.

**Claim 6**

Plaintiff's claim for defamation is similarly unsupported. He alleges that certain defendants "characterized" him as a liar and as being "pathetic," and that these defendants "damaged plaintiff's good name, character, and reputation to the neighbors." FAC ¶ 165. Claims for slander are typically required to plead the specific words that are alleged to constitute slander. See, e.g., des Granges v. Crall, 27 Cal. App. 313, 315 (1915). The only specific word plead is "pathetic," but it is not clear which defendant is alleged to have used the word, nor is it clear the context of the comment. Finally, Bhambra does not provide any allegations to explain how a relatively innocuous word could result in actual damage to his reputation. In the absence of these more specific facts, this claim must be dismissed.

7

**Claim 7**

This claim for breach of fiduciary duty, like Claim 1 discussed above, must be dismissed on the grounds of the judicial defendants' absolute immunity. Moreover, Plaintiff has failed to allege what sort of fiduciary duty is owed by the defendant judges, nor how such a duty could have been breached by failing to file an oath of office. Finally, it must be noted again that the judicial defendants did, in fact, file the necessary paperwork.

**Claim 8**

Bhambra's eighth claim is for injunctive relief. However, he has identified no legal basis that supports his right to such a remedy. He has also failed to explain what form of injunction he seeks, claiming instead that he "demands judgment, including interest." FAC ¶ 176. Such a claim clearly fails under Rule 12(b)(6).

**Claim 9**

Bhambra's fraud claim is subject to Rule 9(b) and must therefore be plead with particularity. While the allegations in this count are meandering, Bhambra seems to allege different forms of fraud by different defendants. First, he accuses the judicial defendants of "committ[ing] fraud by violating constitutional mandates ultra vires their power wrongfully." Id. ¶ 179. The other defendants are accused of fraud relating to "us[ing] legal system wrongfully to evict plaintiff from his business and cause hardship to survive for his family." Id. ¶ 180.

These allegations, even assuming their truth, do not establish anything resembling fraud. Plaintiff has not alleged any knowing misrepresentation, nor any reasonable reliance. Rather, he is concerned with the outcome of the above-mentioned state court action. But as already explained, this Court is obligated to respect the final judgments of a state court. This Court is also forbidden from taking an appeal from state court. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

**Claim 10**

This count alleges a violation of the Tom Bane Civil Rights act relating to the "threat of intimidation to issue City of Oakland Parking Citations in the lease property without any authority." FAC ¶ 185. But as noted above, a final judgment has already been issued with regard to Bhambra's parking ticket dispute. He may not relitigate that issue in this action.

**Claim 11**

This claim alleges a separate violation of the Tom Bane Civil Rights Act against all defendants. Bhambra alleges that "Defendant have, by threat, intimidation or coercion, interfered with or attempted to interfere with Plaintiff's exercise and/or enjoyment of rights secured by the Constitution and laws of the United States and the Constitution and laws of the State of California." Id. ¶ 189.

However, as the analysis above reflects, Bhambra has failed to establish that any of his constitutional rights, whether federal or state, have been violated. In the absence of such specific allegations, Bhambra has failed to state a claim.

**Claim 12**

Next, Bhambra alleges a violation of 5 U.S.C. § 3331 and Article VI of the U.S. Constitution. This claim fails for a variety of issues. 5 U.S.C. § 3331 provides that "[a]n individual . . . elected or appointed to an office of honor or profit in the civil service or uniformed services" shall take a particular oath. First, this provision applies to federal officers, not state judges. Second, as noted above, the judges in question have indeed taken the relevant oaths. Third, even if the Judges had failed in some way to file the necessary paperwork, there is no authority by which Bhambra is entitled to money damages. The same analysis applies to Bhambra's claim under the U.S. Constitution. Both claims fail.

**Claim 13**

Plaintiff next points to California Constitution article 1, section 3, which provides in part that "[t]he people have the right of access to information concerning the conduct of the people's business, and, therefore, the meetings of public bodies and the writings of public officials and agencies shall be open to public scrutiny." This claim is asserted against the judicial defendants, and is once again related to the Defendant Judges' failure to properly

take their oaths. Because those oaths were properly taken and recorded, and because failure to do so would in no way entitle Bhambra to an award of damages, this claim must be dismissed.

**Claim 14**

Plaintiff's final claim, for failure to supervise, is asserted against the Judicial Counsel, defendant Vickrey, the Superior Court, and defendants Northridge and Sweeten. The gravamen of this claim is that these defendants failed to ensure that the judges in question properly filed their oaths. However, as noted repeatedly above, the judges did in fact file their oaths. Moreover, Corporations Code sections 25401 and 25216, cited by plaintiff, have nothing to do with the factual allegations, to the extent Bhambra provides any such allegations.

## CONCLUSION

For the above reasons, the First Amended Complaint must be dismissed. Moreover, because Bhambra has already attempted to amend his complaint in order to meet the objections made by defendants, and still fails to state any cognizable claim, dismissal is with prejudice.

**IT IS SO ORDERED.**

Dated: February 16, 2010

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE