IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARJIT BHAMBRA,<br><br>          Plaintiff,<br><br>     v.<br><br>JOHN M. TRUE, et al.,<br><br>          Defendant.                              / | No. C 09-4685 CRB<br><br>**ORDER GRANTING MOTION TO STRIKE AND GRANTING MOTION FOR RULE 11 SANCTIONS** |

Various Defendants in this action have moved for sanctions under Rule 11. The same Defendants have also moved to strike the complaint under California Code of Civil Procedure § 425.16. Defendants argue in their Rule 11 motion that Plaintiff Bhambra's complaint failed to allege requisite elements of claims, based its allegations on pure speculation, and asked for an astronomical calculation of damages. In short, they claim it was entirely frivolous. In their motion to strike, Defendants argue that some of Plaintiff's claims concern Defendants' exercise of their free speech rights, and that they are therefore subject to a motion to strike.

For the reasons that follow, Defendants' motions are both GRANTED.

**1.     Motion to Strike**

Pursuant to California's anti-SLAPP statute, Defendants move to strike Plaintiff's fourth, fifth, eighth, tenth, and eleventh causes of action. These claims all arise from Defendants' conduct in filing and prosecuting legal actions in state court.

> A SLAPP suit—a strategic lawsuit against public participation—seeks to chill or punish a party's exercise of constitutional rights to free speech and to petition the government for redress of grievances. The [California] Legislature enacted Code of Civil Procedure section 425.16—known as the anti-SLAPP statute—to provide a procedural remedy to dispose of lawsuits that are brought to chill the exercise of constitutional rights.

Rusheen v. Cohen, 37 Cal. 4th 1048, 1055-56 (2006) (citations omitted).[1] The anti-SLAPP statute "establishes a procedure where the trial court evaluates the merits of the lawsuit using a summary-judgment-like procedure at an early stage of the litigation." Soukup v. Law Offices of Herbert Hafif, 39 Cal. 4th 260, 278 (2006).

The anti-SLAPP statute applies in federal court. See, e.g., U.S. ex rel. Newsham v. Lockheed Missiles & Space Co., Inc., 190 F.3d 963, 972-73 (9th Cir. 1999); Thomas v. Fry's Elecs., Inc., 400 F.3d 1206, 1206-07 (9th Cir. 2005) (reaffirming Lockheed and finding the district court "erroneously concluded that the anti-SLAPP statute was unavailable in federal court"); Globetrotter Software, Inc. v. Elan Computer Group, Inc., 63 F. Supp. 2d 1127, 1130 ("[I]t appears that under the Erie analysis set forth in Lockheed the anti-SLAPP statute may be applied to state law claims which . . . are asserted pendent to federal question claims.").

Under the anti-SLAPP statute, a litigant may move to strike a "cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the Untied States or California Constitution in connection with a public issue." Cal. Civ. Proc. Code § 425.16(b)(1). Protected acts include "any written or oral statement or writing made in connection with an . . . official proceeding authorized by law." Id. § (e)(2).

The California Supreme Court has summarized the analysis a court must undertake when a defendant moves to strike a plaintiff's claims pursuant to the anti-SLAPP statute as follows:

---

[1] Although the statute refers to "lawsuits brought primarily to chill exercise" of rights of free speech and petition, defendant need not show that the lawsuit was brought with the subjective intent to "chill" these rights. Equilon Enters., LLC v. Consumer Cause, Inc., 29 Cal. 4th 53, 58 (2002). Nor need defendant demonstrate that plaintiff's complaint actually had a "chilling" effect on his or her rights. Id. at 59.

> Section 425.16, subdivision (b)(1) requires the court to engage in a two-step process. First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity. The moving defendant's burden is to demonstrate that the act or acts of which the plaintiff complains were taken "in furtherance of the [defendant]'s right of petition or free speech under the United States or California Constitution in connection with a public issue," as defined in the statute. (§ 425.16, subd. (b)(1).) If the court finds such a showing has been made, it then determines whether the plaintiff has demonstrated a probability of prevailing on the claim. Under section 425.16, subdivision (b)(2), the trial court in making these determinations considers "the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based."

Equilon Enters. v. Consumer Cause, Inc., 29 Cal. 4th 53, 67 (2002).

To establish a "probability" of prevailing on the merits, a plaintiff must demonstrate that the complaint is both legally sufficient and supported by a prima facie showing of facts sufficient to support a favorable judgment if the evidence submitted by plaintiff is credited. Navellier v. Sletten, 29 Cal. 4th 82, 88-89 (2002). In making the determination, a court considers the pleadings and evidentiary submissions of both plaintiff and defendant but does not weigh credibility or comparative strength of the evidence. Soukup, 39 Cal. 4th at 291. A court considers defendant's evidence only to determine if it defeats plaintiff's showing as a matter of law. Id. The plaintiff need only establish that his or her claim has "minimal merit" to avoid being stricken as a SLAPP. Navellier, 29 Cal. 4th at 89.

In this case, the claims identified by Defendants are clearly "based on the defendant[s'] protected free speech or petitioning activity." Navellier v. Sletter, 29 Cal. 4th 82, 89 (2002). All of them involve Defendants' conduct in pursuing relief in state court, such as in the Port Defendants' action for unlawful detainer. Pursuing such a claim has been found to be a protected petitioning activity. See Birkner v. Lam, 156 Cal. App. 4th 275 (2007) ("The prosecution of an unlawful detainer action indisputably is protected activity within the meaning of section 425.16.").

As for the probability of Plaintiff's success, this Court has already dismissed his complaint with prejudice. While such a 12(b)(6) dismissal does not moot a motion to strike in this context, Pandora Jewelry, LLC v. Bello Paradiso, LLC, 2009 WL 1953468 (E.D. Cal. 2009), it certainly indicates that Plaintiff does not enjoy a probability of success. On the

3

1  contrary, as Plaintiff's complaint has been dismissed with prejudice, Plaintiff has by
2  definition failed.

3  Because the identified claims in Plaintiff's complaint are "based on the defendant[s']
4  protected free speech or petitioning activity," Navellier, 29 Cal. 4th at 89, and because
5  Plaintiff enjoys no probability of success, Defendants' motion to strike must be GRANTED.

**2.  Rule 11**

Rule 11 provides this Court with the authority to sanction any individual who signs and presents to the Court a pleading, motion or other paper that is "frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." Estate of Blue v. County of Los Angeles, 120 F.3d 982, 985 (9th Cir. 1997). A claim is frivolous if it is "both baseless and made without a reasonable and competent inquiry." Buster v. Greisen, 104 F.3d 1186, 1190 (9th Cir. 1997) (quotation marks omitted). Rule 11(b)(2) requires even pro se litigants to conduct a reasonable inquiry into the legal and factual underpinnings of their claims.

This Court concludes that Plaintiff indeed failed to conduct a reasonable inquiry. The complaint seeks to readjudicate matters already settled in state court, pursues causes of action for which there is no legal basis whatsoever, and asks for an unsubstantiated and entirely absurd damages award. These grounds justify sanctions under Rule 11. See Hudson v. Moore Business Forms, Inc., 836 F.2d 1156 (9th Cir. 1987) ("[T]he absence of any reasonable support for the damage claim" supports issuance of sanctions under Rule 11."); Zaldivar v. City of Los Angeles, 780 F.2d 823 (9th Cir. 1986) ("Without question, successive complaints based upon propositions of law previously rejected may constitute harassment under Rule 11." (overruled on other grounds)).

This Court concludes that the appropriate sanction overlaps with the award of attorneys' fees to which Defendants are entitled as a result of their anti-SLAPP motion to strike. A further monetary award, given the fact that Plaintiff is apparently indigent, would

//
//

4

1 | not materially further the interests of Rule 11.

2 | **IT IS SO ORDERED.**

5 | Dated: April 29, 2010

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE